# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 12, 2026

```
* * * * * * * * * * * * *
DEBRA KASPER,                        *
                                     *
                    Petitioner,      *    No. 19-1071V
                                     *
v.                                   *    Special Master Young
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                    Respondent.      *
* * * * * * * * * * * * *
```

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ for Petitioner.
*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On July 24, 2019, Debra Kasper ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Pet. at 1, ECF No. 1. Petitioner alleged that she suffered a left shoulder injury resulting from vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on October 9, 2017. *Id.* On January 4, 2021, Respondent filed his Rule 4(c) Report conceding that Petitioner satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation for SIRVA. ECF No. 25. Accordingly, on January 5, 2021, the Chief Special Master issued a Ruling on Entitlement, finding that Petitioner is entitled to compensation. ECF No. 30.

On January 12, 2026, Respondent filed Respondent's Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. Proffer, ECF No. 102. Based on the record as a whole,

---

[1] Because this unpublished decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or the "program").

I find the Proffer reasonable and adopt it as the Decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the Proffer, attached as Appendix A, I award Petitioner:

(1) A lump sum payment of $243,510.02, representing compensation for life care expenses expected to be incurred during the first year after judgment ($34,690.58), past lost earnings ($82,500.00), pain and suffering ($80,000.00), and past unreimbursable expenses ($46,319.44), in the form of an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Debra Kasper.

(2) An amount sufficient to purchase the annuity contract, subject to the conditions described in the Proffer at pages 4–5, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached to the Proffer, paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through Respondent's purchase of an annuity, which annuity shall make payments directly to Petitioner, Debra Kasper, only so long as Petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to Petitioner and do not require that the payment be made in one annual installment.

Proffer at 3.

I approve the requested amount for Petitioner's compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBRA KASPER, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 19-1071V |
| v. | ) Chief Special Master Corcoran |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 24, 2019, Debra Kasper ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered a left shoulder injury ("SIRVA") resulting from an influenza ("flu") vaccination she received on October 9, 2017. Petition at 1 (ECF No. 1). On January 4, 2021, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")" for SIRVA. Respondent's Report at 4-5 (ECF No. 25). Accordingly, on January 5, 2021, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for SIRVA following the flu vaccine she received on October 9, 2017. (ECF No. 30).

**I.      Items of Compensation**

      A.      Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, CLCP, and petitioner engaged Kirsten Turkington, DNP, APRN, FNP-C, CNLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term

"vaccine-injury related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Debra Kasper, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at Tab A.[1] Petitioner agrees.

    B.    <u>Past Lost Earnings</u>

The parties agree that based upon the evidence of record, petitioner has suffered past loss of earnings as a result of her vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded past lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for petitioner's past lost earnings is $82,500.00. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $80,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she has incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $46,319.44. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

## II.  Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $243,510.02, representing compensation for life care expenses expected to be incurred during the first year after judgment ($34,690.58), past lost earnings ($82,500.00), pain and suffering ($80,000.00), and past unreimbursable expenses ($46,319.44), in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Debra Kasper.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Debra Kasper, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

---

a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Debra Kasper, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Debra Kasper's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.    Summary of Recommended Payments Following Judgment**

A.    Lump Sum paid to petitioner, Debra Kasper:          **$243,510.02**

B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

5

                                                s/ *Mark K. Hellie*
                                                MARK K. HELLIE
                                                Trial Attorney
                                                Torts Branch, Civil Division
                                                U.S. Department of Justice
                                                P.O. Box 146
                                                Benjamin Franklin Station
                                                Washington, D.C. 20044-0146
                                                Tel: (202) 616-4208
Dated: January 12, 2026                      Email: mark.hellie@usdoj.gov

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2026 | Compensation Years 2-8 2027-2032 | Compensation Year 9 2033 | Compensation Years 10-Life 2034-Life |
|---|---|---|---|---|---|---|---|
| Primary Care | 5% | * | | | | | |
| Psychology | 4% | * | | | | | |
| Physcial Therapy Evaluation | 4% | * | | | | | |
| Occupational Therapy Evaluation | 4% | * | | | | | |
| Fluoxetine 20 mgs for Depression | 5% | * | | | | | |
| Diclofenac Gel 1% for Pain | 4% | * | | | | | |
| Icy Hot Topical | 4% | | | 291.90 | 291.90 | 291.90 | 291.90 |
| Medical Nutrition Evaluation | 4% | * | | | | | |
| Medical Nutrition Therapy | 4% | * | | | | | |
| Medical Nutrition Re-Evaluations | 4% | * | | | | | |
| Education and Training for Patient Self-Management | 4% | * | | | | | |
| Fall Detection System | 4% | | | 431.40 | 431.40 | 431.40 | 431.40 |
| Wheelchair, Standard | 4% | * | | | | | |
| Wheelchair Accessory, Tray | 4% | * | | | | | |
| Wheelchair Accessory Lateral Thigh Support | 4% | * | | | | | |
| Footbox | 4% | * | | | | | |
| Lateral Trunk Ssupport | 4% | * | | | | | |
| One Arm Drive Attachment | 4% | * | | | | | |
| Narrowing Device | 4% | * | | | | | |
| Adjustable, Detachable Armrests | 4% | * | | | | | |
| Wheelchair Safety Device | 4% | * | | | | | |
| Seat Upholstery Replacement | 4% | * | | | | | |
| Back Upholstery Replacement | 4% | * | | | | | |
| Power Add-on for Manual Wheelchair Conversion | 4% | * | | | | | |
| Seat Lift Mechanism | 4% | * | | | | | |
| Level Activated Wheel Drive for Manual Wheelchair | 4% | * | | | | | |
| Elevating Leg Rest | 4% | * | | | | | |
| Calf Pad Replacement | 4% | * | | | | | |
| Shock Absorber for Power Wheelchair | 4% | * | | | | | |
| Wheel Lock Assembly | 4% | * | | | | | |
| Crutch and Cane Holder | 4% | * | | | | | |
| Wheelchair Bearings Replacement | 4% | * | | | | | |
| Wheelchair Pneumatic Propulsion Tires | 4% | * | | | | | |
| Wheelchair Tube for Pneumatic Caster Tire | 4% | * | | | | | |
| Power Seat Elevation System | 4% | * | | | | | |
| Hand Control Interface | 4% | * | | | | | |
| Specialty Joystick for Hand Control Interface | 4% | * | | | | | |
| Battery Charger | 4% | * | | | | | |
| Battery | 4% | * | | | | | |
| Dynamic Positioning Hardware for Back | 4% | * | | | | | |
| General Use Seat Cushion 22 inches | 4% | * | | | | | |
| General Use Back Cushion 22 inches | 4% | * | | | | | |

**Kasper v. HHS, 19-1071V**                    **Tab A, p.1**

Appendix A: Items of Compensation for Debra Kasper        Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2026 | Compensation Years 2-8 2027-2032 | Compensation Year 9 2033 | Compensation Years 10-Life 2034-Life |
|---|---|---|---|---|---|---|---|
| Hospital Bed, Semi Electric without Mattress | 4% | * | | | | | |
| Mattress, Foam Rubber | 4% | * | | | | | |
| Nonpowered Pressure Reducing Mattress Overlay | 4% | * | | | | | |
| Over Bed Table | 4% | * | | | | | |
| Education and Training for Self Management | 4% | * | | | | | |
| Wheelchair Assessment | 4% | * | | | | | |
| Bedside Commode | 4% | * | | | | | |
| Bedside Commode Replacement Pail | 4% | * | | | | | |
| Seat Lift Mechanism for Toilet | 4% | * | | | | | |
| Grab Bar Back Wall Toilet | 4% | * | | | | | |
| Grab Bar Side Wall Toilet | 4% | * | | | | | |
| Tub Stool | 4% | * | | | | | |
| Transfer Tub Rail | 4% | * | | | | | |
| Straight Catheters | 4% | * | | | | | |
| Catheter Insertion Tray | 4% | * | | | | | |
| Therapeutic Agent for Urinary Catheter Irrigation | 4% | * | | | | | |
| Irrigation Syringe | 4% | * | | | | | |
| Lubricant | 4% | * | | | | | |
| Reacher Tool | 4% | | | 30.00 | 6.00 | 6.00 | 6.00 |
| Personal Care Services, Skilled | 4% | | M | 28,412.80 | 28,412.80 | 28,412.80 | 28,412.80 |
| Multi-Positional Patient Lift with Patient Accessible Controls | 4% | | | | | 1,795.00 | 179.50 |
| Pool Lift Replacement Seat | 4% | | | 40.91 | 40.91 | 40.91 | 40.91 |
| Modifications: Primary Bathroom | 4% | | | | | 506.31 | 50.63 |
| Modifications: General, Including Door Widening | 4% | | | 4,283.57 | | | |
| Nursing Care In Home | 4% | * | | | | | |
| Complex Case Management | 4% | | M | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 |
| Past Lost Earnings | | | | 82,500.00 | | | |
| Pain and Suffering | | | | 80,000.00 | | | |
| Past Unreimbursable Expenses | | | | 46,319.44 | | | |
| Annual Totals | | | | 243,510.02 | 30,383.01 | 32,684.32 | 30,613.14 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($34,690.58), past lost earnings ($82,500.00), pain and suffering ($80,000.00), and past unreimbursable expenses ($46,319.44): $243,510.02.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Kasper v. HHS, 19-1071V**           **Tab A, p.2**